IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02559-GPG

WYATT T. HANDY JR.,

    Plaintiff,

v.

GREG JONES,
MRS. LAMLE,
HEBERT,
MRS. WISE,
TIFFANY DAVIS,
MR. ELWOOD,
MRS. BLAKE,
SGT. SCRUGGS,
SGT. GONZALES, and
CORRECTIONS CORPORATION OF AMERICA,

    Defendants.

## ORDER TO AMEND

Plaintiff Wyatt T. Handy Jr. is a *pro se* litigant who currently lives in Denver, Colorado. Plaintiff initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, that challenges the conditions of his confinement while he was incarcerated from December 2013 to June 2014 at the Colorado Department of Corrections Kit Carson Correctional Center. In particular, Plaintiff asserts a violation of his First, Fourth, and Fourteenth Amendment rights along with state law claims, when certain named defendants opened, searched, and in some cases took and kept items sent to him in his mail. Plaintiff seeks money damages and declaratory and injunctive relief.

Plaintiff also submitted an Application to Proceed in District Court Without Prepaying Fees or Costs. The Application was granted on December 2, 2015.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an Amended Complaint for the reasons stated below.

First, Plaintiff fails to provide an address for Defendant Corrections Corporation of America. Second, Plaintiff asserts claims against the majority of the named defendants, but he fails to assert how several named defendants participated in the violation of his rights under § 1983.

Plaintiff is very familiar with the filing requirements in this Court, as he has filed at least fifteen actions in this Court over the past fourteen years. He has been instructed on more than one occasion that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also has been instructed that he must assert personal participation by each named defendant in the alleged constitutional violation. See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or

direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff also is aware that supervisors can only be held liable for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Furthermore, mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient.  *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (citations omitted).  Pleadings must present specific facts that show agreement and concerted

3

action by the defendants. *Id.* Plaintiff fails to present any specific facts that show agreement and a concerted action.

In regard to Plaintiff's expectation of privacy claim (Fourth Amendment violation), the Supreme Court has held that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527–28 (1984). In *Hudson*, the Supreme Court established that prisoners do not have any reasonable expectation of privacy in their prison cells or in articles that they have in their possession while in prison. *Id.* at 525–28.

The Tenth Circuit has stated that, "prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because 'the Fourth Amendment does not establish a right to privacy in prisoners' cells.' " *Rodriguez–Rodriguez v. United States*, 4 F. App'x 637, 639 (10th Cir.2001) (unpublished) (quoting *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir.1995)) (finding that the plaintiff's Fourth Amendment claim arising from prison officials' search and seizure in his prison cell fails).

Prisoners have no right to privacy with respect to periodic cell searches. *Hudson*, 468 U.S. at 529–30 ("prisoners have no legitimate expectation of privacy and [ ] Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells"); *see also Garcia v. Lawrence*, 118 F. App'x 436, 438 (10th Cir.2004) (unpublished). "That prison officials may inspect or examine the effects and communications of prison inmates without depriving the inmates of their constitutional rights is well established." *Denson v. United States*, 424 F.2d 329, 331 (10th Cir. 1970)

(citing *Cox v. Crouse*, 376 F.2d 824 (10th Cir.1967)).   Accordingly, Plaintiff's Fourth Amendment claim, as presented, is meritless.

Also, the United States Constitution guarantees due process when a person is deprived of life, liberty, or property.   See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).   However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ."   *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy.   See *Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982).   If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991).   In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate."   *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy").   Plaintiff also has an adequate remedy available in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo.

Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.") (internal citations omitted).

Plaintiff does not assert that the Kit Carson Correctional Center's grievance procedure was unresponsive or inadequate with respect to the loss of his property. Simply because a grievance procedure or appeal was not decided in Plaintiff's favor does not equate to an unresponsive or inadequate remedy. Plaintiff's property claim, therefore, as presented, is meritless. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the claims pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED December 2, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge